UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES COLLITON,

            Plaintiff,

    -against-

BM GLOBAL,

            Defendant.

25-CV-3534 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, invokes the court's diversity jurisdiction, alleging that Defendant violated his rights. He sues BM Global. By order dated September 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below, with 30 days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff, who resides in New York, maintains business with two companies, MGM Empire ("MGM") and HR Penn ADW ("HR"), that "are not related." (ECF 1, at 2.) "Defendant BM Global . . . provides services to MGM and HR." (*Id.*) Plaintiff indicates that in 2024, he "had a dispute with MGM, and BM []through its employees, including Steve Rajaratnam and Janushanthan Maheshwaran[,] [who] communicated with me regarding such dispute, on behalf of MGM." (*Id.*) This "dispute was not public, and is not resolved." (*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

Following this incident, "[o]n April 10, 2025, Nigel Slemmermann of BM contacted, stating: 'After investigation, we've identified multiple issues origination from [your] household across other platforms we provide service for [and] . . . as a result, Management [of HR] has made the decision [to cease business with you and not pay you].'" (*Id.* at 3) (alterations in the original). Plaintiff states that he "never authorized MGM to release my personal information to anyone." (*Id.*)

Plaintiff contends that "[b]y interfering with my contract with HR, and unlawfully disclosing my personal information with MGM, BM has: 1. caused my account with HR to be frozen; and 2. prevented me from [] receiving funds I am due from HR." (*Id.* at 3.) Plaintiff seeks an "amount [a] jury deems I deserve for injuries so suffered." (*Id.*)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

Plaintiff invokes the Court's diversity jurisdiction as a basis for federal court jurisdiction of his state law claims. Plaintiff does not allege, however, sufficient facts demonstrating that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff alleges that he is a citizen of the State of New York and that BM Global is a citizen of Connecticut, although he does not provide BM Global's full address, only alleging that it maintains its headquarters in Hamden, Connecticut. Even assuming that the parties are from two different states, and Plaintiff can show complete diversity of citizenship, because the complaint does not include any facts suggesting that the amount in controversy exceeds the $75,000 jurisdiction threshold necessary to establish diversity jurisdiction, from the face of the complaint, it is clear that the Court lacks diversity of citizenship jurisdiction to consider any state law claims Plaintiff may be asserting.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege facts showing that his state law claims are worth more than the $75,000 minimum to establish diversity jurisdiction, the Court grants Plaintiff leave to amend his complaint. Should Plaintiff file an amended complaint, he must provide a short and plain statement of the relevant facts supporting his state law claims. Plaintiff's amended

complaint should tell the Court: how BM Global violated his rights; when and where such violations occurred; and why Plaintiff is entitled to relief from BM Global. Finally, if Plaintiff has a full address for BM Global, he must provide it.

If Plaintiff does not file an amended complaint within 30 days of the date of this order, the Clerk of Court will enter judgment without further order.

## PRO SE LAW CLINIC

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with his case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

## CONCLUSION

The Court dismisses this action, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Nothing in this order limits Plaintiff's right to seek any relief to which he may be entitled in state court. Attached to this order is a flyer from the City Bar Justice Center

The Court directs the Clerk of Court to hold this matter open on the docket until further order of the Court.

SO ORDERED.

Dated:   September 30, 2025
           New York, New York

                                                      *Louis L. Stanton*
                                                      Louis L. Stanton
                                                           U.S.D.J.

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including **mediation**)