USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/11/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES COLLITON,

                        Plaintiff,

            -against-

BM GLOBAL,

                        Defendant.

25-CV-3534 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's diversity jurisdiction. He asserts a state law claim of tortious interference with a contract against Defendant BM Global, a Connecticut company. By separate order dated May 7, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On September 30, 2025, the Hon. Louis L. Stanton of this court dismissed this action for lack of subject matter jurisdiction, with 30 days' leave to replead, because Plaintiff had not shown that the court could exercise diversity jurisdiction of his state law claim. On October 20, 2025, Plaintiff filed an amended complaint that stated sufficient facts suggesting that the court may have diversity jurisdiction of Plaintiff's tortious interference with a contract claim. The action was reassigned to the undersigned's docket on June 10, 2026.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant BM Global through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   June 11, 2026
        White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

2

## SERVICE ADDRESS FOR DEFENDANT

BM Global
2319 Whitney Ave, Suite 5-A
Hamden, CT 06518